OSCN Found Document:IN THE MATTER OF A.W.

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 IN THE MATTER OF A.W.
2014 OK CIV APP 5
316 P.3d 243
Case Number: 111454
Decided: 12/05/2013
Mandate Issued: 01/03/2014
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2014 OK CIV APP 5, 316 P.3d 243

IN THE MATTER OF A.W.:

DANIELLE FRANKLIN, Appellant,
v.
STATE of OKLAHOMA, 
Appellee.

APPEAL FROM THE DISTRICT COURT OF
GARFIELD COUNTY, 
OKLAHOMA
HONORABLE TOM L. NEWBY, JUDGE

REVERSED AND REMANDED

Joshua C. Davis, Enid, Oklahoma, for Appellant.


Larry Joplin, Chief Judge:
¶1 Appellant, Danielle Whitesides Franklin (Mother), seeks review of the 
trial court's January 9, 2013 amended order terminating Mother's parental rights 
to A.W., born in 2002, and refusing to vacate the trial court's earlier consent 
order terminating Mother's parental rights, based upon her failure to appear at 
the termination proceeding for which she had been served notice. In this appeal, 
Mother alleges the trial court abused its discretion and violated her 
constitutional and statutory rights when it refused to vacate the default 
consent order terminating her parental rights. Mother alleges the trial court 
also failed to identify the statutory basis for termination, failed to make 
specific findings supporting termination, and failed to determine the child's 
best interests. Mother's third proposition of error alleges the trial court's 
amended order fails because the State presented no clear and convincing evidence 
in support of its petition and the trial court failed again to address the 
child's best interests.
¶2 This court will review the trial court's denial of a motion to vacate a 
judgment for abuse of the trial court's discretion. In re J.C., 2010 OK CIV APP 138, ¶7, 244 P.3d 793, 795, citing Patel 
v. OMH Medical Center, Inc., 1999 
OK 33, ¶20, 987 P.2d 1185, 
1194. "Abuse occurs if the trial court exercises its discretion to an end or 
purpose not justified by, and clearly against, reason and evidence, or if it 
errs with respect to a pure, unmixed question of law." In re J.C., 244 
P.3d at 795 (citations omitted). Legal errors are reviewed under a de 
novo standard. In re W.A., 2004 OK CIV APP 50, ¶4, 91 P.3d 682, 683.
¶3 We note Appellee (State of Oklahoma) did not file a response brief in this 
appeal. Therefore, this appeal proceeds on Appellant's brief only. In the case 
proceeding on the appellant's brief only, this court is under no duty to search 
the record for a basis to affirm the judgment, and where the appellant's brief 
is "reasonably supportive of the allegations of error" this court will 
ordinarily grant the relief sought by the appellant. Sneed v. Sneed, 1978 OK 138, 585 P.2d 1363. However, "(r)eversal 
is never automatic[.] [The trial court's judgment] is presumed correct until the 
contrary has been shown by the record." Hamid v. Sew Original, 1982 OK 46, 645 P.2d 496, 497 (citations 
omitted).
¶4 The initial hearing upon the State's application to terminate Mother's 
parental rights was held on October 25, 2012. The record indicates Mother was 
personally served by summons on October 10, 2012. The summons contained the 
following:

 
 FAILURE TO PERSONALLY APPEAR AT THIS HEARING CONSTITUTES CONSENT TO THE 
 TERMINATION OF YOUR PARENTAL RIGHTS TO THIS CHILD. IF YOU FAIL TO APPEAR ON 
 THE DATE AND TIME SPECIFIED, YOU MAY LOSE ALL LEGAL RIGHTS AS A PARENT TO 
 THE CHILD NAMED IN THE PETITION OR MOTION ATTACHED TO THIS 
 NOTICE.
Thereafter, Mother failed to appear at the October 25th hearing.
¶5 At the hearing, the trial court noted Mother was served with a summons on 
October 10, 2012 and that the summons contained language informing her that her 
failure to appear would constitute consent to the termination of her parental 
rights. The trial court then noted the date and time, along with Mother's 
absence, and found Mother's parental rights should be terminated. The 
corresponding order was filed on November 19, 2012. The order noted Mother and 
Father had been properly served, neither attended the hearing and their parental 
rights were terminated.[1]
¶6 Mother timely filed a motion to vacate the order terminating her parental 
rights on December 18, 2012. Mother's motion argued that despite her failure to 
appear, the State must still present clear and convincing evidence of the 
grounds for termination, because the heightened evidentiary standard demanded in 
termination cases still applies, regardless of statutory consent under 10A O.S. 
Supp.2009 §1-4-905. See In the Matter of A.T., 2011 OK CIV APP 81, ¶11, 262 P.3d 386, 388.
¶7 The hearing on Mother's motion to vacate the order terminating her 
parental rights was set for January 3, 2013. Mother's counsel, who was present 
at the January 2013 hearing, argued that the original order terminating parental 
rights must be vacated, because it failed to make any findings other than the 
consent to termination due to her absence from the proceedings. The trial court 
reviewed the allegations of the petition, which included failure to correct the 
conditions leading to the child's deprived status, failure to provide a safe 
home, failure to complete in-home services, failure to seek mental health 
treatment, failure to complete a substance abuse assessment and failure to visit 
the child. According to the record of the January hearing, the trial court 
summarily declared Mother failed to correct the conditions as alleged in the 
petition and changed the motion to vacate into "an order nunc pro tunc 
terminating parental rights on proper grounds." The trial court made these 
findings without taking testimony or evidence. The trial court's amended order 
was filed on January 9, 2013. Mother then filed this appeal.
¶8 Mother's parental rights were terminated at the October 25th proceeding, 
because after being properly served regarding the hearing to terminate her 
parental rights, she did not attend, and was deemed to have consented to the 
termination under the terms of 10A O.S. §1-4-905(A)(5).[2] Section 1-4-905 also contains the 
procedure by which the parent should proceed, if the parent seeks to vacate the 
termination by consent for failure to appear. 10A O.S. §1-4-905(B):

 
 B. 1. The court shall have the power to vacate an order terminating 
 parental rights if the parent whose parental rights were terminated pursuant 
 to subsection A of this section files a motion to vacate the order within 
 thirty (30) days after the order is filed with the court clerk.
 2. Notice of the motion shall be given to all the parties and their 
 attorneys and the court shall set the matter for hearing expeditiously.
 3. The burden of proof is on the defaulting parent to show that he or she 
 had no actual notice of the hearing, or due to unavoidable casualty or 
 misfortune the parent was prevented from either contacting his or her 
 attorney, if any, or from attending the hearing or trial.
 4. If the motion to vacate the order terminating parental rights due to a 
 failure to appear is found to have merit, the statutory consent shall be set 
 aside and a new trial conducted.
¶9 At the January 3rd hearing, instead of following the procedure outlined 
above in §1-4-905(B), to determine if Mother's motion to vacate the October 25th 
termination should have been granted or denied, the trial court entered an 
entirely new, "nunc pro tunc," order that purported to terminate Mother's 
parental rights based on two different rationales; first, termination due to 
Mother's deemed consent under §1-4-905(A)(2), and second, for Mother's failure 
to correct the conditions which led to the child's deprived status and other 
parental failings under§1-4-904(B)(5). This dual track rationale in 
consideration of Mother's motion to vacate was in error.
¶10 The purpose of the January 2013 hearing on the motion to vacate was for 
the court to evaluate its October 25th order under the terms of §1-4-905(B), 
allowing Mother the opportunity "to show that [ ] she had no actual notice of 
the hearing, or due to unavoidable casualty or misfortune [she] was prevented 
from either contacting [ ] her attorney, if any, or from attending the hearing 
or trial." However, the trial court did not review the motion to vacate under 
the terms of §1-4-905(B). Instead, when faced with consideration of the motion 
to vacate, the trial court entered a new termination order making a clear and 
convincing evidence finding on the merits of the underlying petition, using a 
§1-4-904(B) rationale, and did so without taking any evidence.
¶11 Even assuming the trial court had considered actual evidence in reaching 
its decision under §1-4-904(B), the trial court erred, because the proper 
inquiry on Mother's motion to vacate should have been conducted under 
§1-4-905(B). Therefore, upon remand, the trial court must consider the merits of 
Mother's motion to vacate under the terms of §1-4-905(B). If the trial court 
finds Mother's motion to vacate has merit, only then would the consent order 
need to be set aside and a trial on the merits of the State's underlying 
petition to terminate Mother's parental rights conducted in accordance with 10A 
O.S. §1-4-904(B)(4).
¶12 The trial court's order nunc pro tunc, is reversed and this cause 
remanded for a new hearing upon Mother's motion to vacate the termination of her 
parental rights.

¶13 REVERSED and REMANDED.

BUETTNER, P.J., and BELL, J., concur.

FOOTNOTES

[1] The 
termination of Father's parental rights have not been raised as an issue in this 
appeal.

[2] 10A 
O.S. §1-4-905(A)(5):
The failure of a parent who has been served with notice under this section to 
personally appear at the hearing shall constitute consent to the termination of 
parental rights by the parent given notice. When a parent who appears 
voluntarily or pursuant to notice is directed by the court to personally appear 
for a subsequent hearing on a specified date, time and location, the failure of 
that parent to personally appear, or to instruct his or her attorney to proceed 
in absentia at the trial, shall constitute consent by that parent to termination 
of his or her parental rights.





 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Court of Civil Appeals Cases Cite
Name
Level 2004 OK CIV APP 50, 91 P.3d 682, IN THE MATTER OF W.A.
Discussed 2010 OK CIV APP 138, 244 P.3d 793, IN THE MATTER OF J.C.
Discussed 2011 OK CIV APP 81, 262 P.3d 386, IN THE MATTER OF A.T.
Discussed
Oklahoma Supreme Court Cases Cite
Name
Level 1978 OK 138, 585 P.2d 1363, SNEED v. SNEED
Discussed 1982 OK 46, 645 P.2d 496, Hamid v. Sew Original
Discussed 1999 OK 33, 987 P.2d 1185, 70 OBJ 1353, Patel v. OMH Medical Center, Inc.
Discussed